UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,                 **REPORT AND RECOMMENDATION**

               Plaintiff,

                12-CV-00211(A)(M)

v.

HP HOOD, LLC,

             Defendant.
_____

This case has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [23].[1] Before me is the motion by defendant HP Hood, LLC ("Hood") [21] for partial summary judgment, pursuant to Fed. R. Civ. P. ("Rule") 56, dismissing the patent infringement claims of plaintiff Steuben Foods, Inc. ("Steuben"). Oral argument was held on August 29, 2012 [66].

For the following reasons, I recommend that the motion be denied, without prejudice to renewal at a later date.

## BACKGROUND

On March 13, 2012, Steuben commenced this patent infringement action, alleging that Hood's purchase and use of two aseptic bottle filling machines infringes six patents owned by Steuben. Steuben alleges that Hood's infringement "has been willful, deliberate and intentional". Complaint [1], ¶¶ 45, 52, 59, 66, 73, 80.

---

[1]      Bracketed references to CM/ECF docket entries.

On May 10, 2012, Hood answered the Complaint, denying infringement and alleging the affirmative defense that "Steuben's claims for relief are barred in whole or in part by the doctrines of laches, waiver, estoppel, or acquiescence". Answer [13], ¶ 85. On June 18, 2012, prior to any pretrial discovery, Hood filed this motion for partial summary judgment "under the equitable doctrine of laches" ([21], p. 1), arguing that Steuben's unreasonable delay in commencing this action has caused Hood to suffer both economic and non-economic prejudice. *See* Hood's Memorandum of Law [21-35]; Hood's Reply [61].

In opposing the motion, Steuben argues that there are numerous factual issues, both as to the reasonableness of its delay in commencing this action, and as to whether Hood has been prejudiced by the delay. In the alternative, it argues that determination of the motion should be deferred pending discovery pursuant to Rule 56(d). *See* Steuben's Memorandum of Law [50].

## ANALYSIS

**A.    The Standard for Granting Summary Judgment**

"Summary judgment is a drastic remedy to be granted only where the requirements of Rule 56 . . . have clearly been met." United States v. Bosurgi, 530 F.2d 1105, 1110 (2d Cir. 1976). "Only in the rarest of cases may summary judgment be granted prior to affording the nonmovant any opportunity for discovery." Lolonga-Gedeon v. Child & Family Services, 2009 WL 3698389, *3 (W.D.N.Y. 2009) (Arcara, J.); Hellstrom v. U.S. Department of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000).

Rule 56(a) requires the moving party to demonstrate "that there is no genuine dispute as to any material fact *and* [that] the movant is entitled to judgment as a matter of law"

(emphasis added). Therefore, in order to prevail on this motion, Hood must demonstrate not only that there is no genuine factual dispute, but that "the controlling law *must* require a decision in [its] favor." 11 Moore's Federal Practice, §56.21 (3d ed. 2012) (emphasis added); Wrobel v. County of Erie, ___F.3d___, 2012 WL 3104529, *3 (2d Cir. 2012) ("Summary judgment is only appropriate when the evidence is so one-sided that one party must prevail as a matter of law"). Even where the facts are undisputed, summary judgment must be denied "if the controlling law does not . . . dictate the outcome of the claim or defense". Moore's, §56.21.

Unless Hood initially demonstrates its entitlement to summary judgment, I need not even consider Steuben's response. "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented* . . . . [T]he non-movant is not required to rebut an insufficient showing." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co. 373 F.3d 241, 244 (2d Cir. 2004) (emphasis in original).

**B.      Elements of the Laches Defense**

"The application of the defense of laches is committed to the sound discretion of the district court . . . . The defense, being personal to the particular party and equitable in nature, must have flexibility in its application." A.C. Aukerman Co. v. R.L. Chaides Construction Co., 960 F.2d 1020, 1032 (Fed. Cir. 1992). In deciding whether the defense applies in a particular case, the court "must look at all of the particular facts and circumstances . . . and weigh the equities of the parties." Id.; *see also* Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp. 60 F.3d 770, 773 (Fed. Cir. 1995).

Laches requires proof that "the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and . . . [that] the delay operated to the prejudice or injury of the defendant." Aukerman, 960 F.2d at 1032. "Such prejudice may be either economic or evidentiary." Id. at 1033.

However, "[i]t must be emphasized that the establishment of the factors of undue delay and prejudice, whether by actual proof or by the presumption, does not *mandate* recognition of a laches defense in every case. Laches remains an equitable judgment of the trial court in light of all the circumstances. Laches is not *established* by undue delay and prejudice. Those factors merely lay the foundation for the trial court's exercise of discretion." Id. at 1036 (emphasis in original).

**C.     Has Hood Met its Burden for Obtaining Partial Summary Judgment?**

"If the decision on laches is made on summary judgment . . . all pertinent factors must be considered." Aukerman, 960 F.2d at 1039. "One such factor is whether the infringer has engaged in particularly egregious conduct which would change the equities significantly in plaintiff's favor . . . . Intentional copying of the plaintiff's product may so qualify." Gasser Chair, 60 F.3d at 775. Failure to consider that factor renders summary judgment improper. Aukerman. 960 F.2d at 1039 ("summary judgment [may be] overturned for failure to consider defendant's egregious conduct"); Gasser Chair, 60 F.3d at 775 ("the district court erred in not considering that Infanti's copying of Gasser's chairs could be egregious conduct").

Therefore, in deciding this motion I may not ignore Steuben's allegations that Hood deliberately and willfully infringed the patents at issue (Complaint [1], ¶¶ 45, 52, 59, 66, 73, 80).[2] While Hood "does not concede infringement" (Hood's Memorandum of Law [21-35], p. 6, n. 3), it has not submitted evidence that it did *not* willfully infringe, nor does it argue that Steuben will be unable to prove that claim at trial. Indeed, any such argument would be premature. "Where . . . a party moves for summary judgment on the ground that the nonmoving party . . . will be unable to prove an essential element of his case, Rule 56 allows summary judgment *only after adequate time for discovery*." Salahuddin v. Coughlin, 993 F.2d 306, 308 (2d Cir. 1993) (emphasis added); Celotex, 477 U.S. at 322.

In deciding a motion for summary judgment, "the court must view the record in the case . . . in the light most favorable to the nonmovant", Moore's, §56.24[2], drawing "all reasonable inferences . . . in the non-movant's favor". Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003). Therefore, for purposes of this motion I must assume that Hood *has* willfully infringed the patents at issue. Under these circumstances, Hood cannot possibly demonstrate - at this early stage of the case - that it "must prevail as a matter of law" on its laches defense. Wrobel, 2012 WL 3104529, *3. "If there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Celotex, 477 U.S. at 331, n. 2.

---

[2] "In determining whether a moving party has met its burden of persuasion, the court is obliged to take account of the entire setting of the case and must consider all papers of record as well as any materials prepared for the motion." Celotex Corp. v. Catrett, 477 U.S. 317, 331 n. 2 (1986).

"The equitable doctrine of laches must be applied cautiously, in recognition of the fact that it serves to deny a party, wholly or in part, of the benefits of pressing an otherwise meritorious claim. These principles . . . suggest that laches is best considered based upon a fully developed record." Cornell Research Foundation, Inc. v. Hewlett-Packard Co., 2007 WL 4349135, *44 (N.D.N.Y.), adopted, 2007 WL 2791120 (N.D.N.Y. 2007) (noting that plaintiff's claim of willful infringement is an "issue[ ] which the trial court could find worthy of consideration in deciding whether to invoke laches"). *See also* WeddingChannel.Com, Inc. v. The Knot, Inc., 2004 WL 2984305, *2 (S.D.N.Y. 2004) ("the infringer's state of mind can support a finding of egregious conduct, thereby defeating equitable defenses such as laches"); Metso Minerals, Inc. v. Powerscreen International Distribution Ltd., 833 F.Supp.2d 321, 330 (E.D.N.Y. 2011) ("willful infringement . . . further compels the Court to dismiss the defense of laches").

At oral argument of this motion, Hood candidly admitted that it is unaware of any patent case granting summary judgment on a laches defense prior to discovery. However, both in its Notice of Motion [21] and at oral argument, Hood cited Solow Building Co., LLC v. Nine West Group, Inc., 2001 WL 736794, *3 (S.D.N.Y. 2001), aff'd, 2002 WL 31303237 (2d Cir. 2002) (involving a claim under the Lanham Act and common law for trademark infringement and dilution) for the proposition that a laches defense may be established as a matter of law prior to discovery. I am unpersuaded that Solow compels a different result.

In Solow, unlike this case, there was no allegation of willful infringement by the defendant: "The complaint . . . fails to allege facts that could support a holding in Solow's favor." 2002 WL 31303237, *1. Had there been such an allegation, the defense would likely not have prevailed even under the Lanham Act. *See* Hermes International v. Lederer de Paris Fifth Ave.,

Inc., 219 F.3d 104, 107 (2d Cir. 2000) (Telesca, J. sitting by designation) ("the appellees' intentional infringement is a dispositive, threshold inquiry that bars further consideration of the laches defense, not a mere factor to be weighed in balancing the equities").

Moreover, the court in Solow held that plaintiff, having waited for 20 years to commence the action, bore the burden of proving the *non*-applicability of the laches defense: "because the statute of limitations has run . . . plaintiff must show why the laches defense ought not be applied in the case". 2001 WL 736794, *3. Here, by contrast, it is Hood which bears the burden of proving that defense. *See* Cornell Research, 2007 WL 4349135, *35 ("Laches constitutes an affirmative defense, which must be proven by an accused infringer by a preponderance of the evidence"); Aukerman, 960 F.2d at 1038 ("at all times, the defendant bears the ultimate burden of persuasion of the affirmative defense of laches").

Therefore, Hood "must establish beyond peradventure all of the essential elements of the . . . defense to warrant judgment in [its] favor". Ebbert v. Nassau County, 2009 WL 935812, *5 (E.D.N.Y. 2009). Since I conclude that it has failed to do so, I recommend that its motion be denied.

**D.  Should Any Facts be Deemed Established?**

Rule 56(g) provides that "[i]f the court does not grant all the relief requested by the motion, it *may* enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case" (emphasis added). The use of the word "may" indicates that "[t]he court's decision regarding entry of an order establishing certain facts for purposes of the litigation is discretionary". Moore's, §56.123[3].

Since no discovery has yet occurred in this case, and in view of the parties' conflicting submissions in connection with the motion, I do not believe that it is appropriate to attempt to deem any facts as established at this time.[3] *See* <u>Chiron Corp. v. Genentech, Inc.</u>, 268 F.Supp.2d 1139, 1148 n. 6 (E.D.Cal. 2002) ("the court in its discretion does not choose to narrow issues or establish facts where doing so does not eliminate a claim or defense. In the court's experience, such piecemeal resolution of the case makes trial more difficult and complex as opposed to streamlined"); <u>Dell's Maraschino Cherries Co., Inc. v. Shoreline Fruit Growers, Inc.</u>, 2012 WL 3537009, *20 (E.D.N.Y. 2012) ("the Court declines to enter an order pursuant to [Rule] 56(g) treating certain facts as established. See [Rule] 56(g) advisory committee's note (g) ('Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event')").

## CONCLUSION

For these reasons, I recommend that Hood's motion [21] be denied, without prejudice to renewal "upon a fully developed record". <u>Cornell Research</u>, <u>supra</u>. Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by October 22, 2012 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this]

---

[3] Should either party wish to deem certain facts established at a later date, they are free to move for that relief.

decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: October 3, 2012

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge