**Phillips Lytle LLP**

**Via CM/ECF and Hand Delivery**
Hon. Jeremiah J. McCarthy
United States District Court
Western District of New York
2 Niagara Square, Suite 693
Buffalo, New York  14202-3350

May 1, 2018

Re:   Steuben Foods, Inc. v. Shibuya Hoppmann Corp., et al.
      No. 1:10-cv-0781-EAW-JJM

Dear Judge McCarthy:

On behalf of Defendants Shibuya Hoppmann Corp., Shibuya Kogyo Co., Ltd. and HP Hood LLC, we enclose a copy of the Federal Circuit's Order denying defendants' petition for a writ of mandamus.

Respectfully submitted,

Phillips Lytle LLP

By  *[signature]*

William D. Christ

WDC:kvs2
Doc #01-3119302.1
Enc.

c:   Hon. Elizabeth A. Wolford (via CM/ECF and U.S. Mail)
     All Attorneys of Record (via CM/ECF)

ATTORNEYS AT LAW

WILLIAM D. CHRIST, PARTNER   DIRECT 716 847 8332   WCHRIST@PHILLIPSLYTLE.COM

ONE CANALSIDE  125 MAIN STREET  BUFFALO, NY 14203-2887  PHONE 716 847 8400  FAX 716 852 6100

NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | WASHINGTON, DC | CANADA: WATERLOO REGION | PHILLIPSLYTLE.COM

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: SHIBUYA HOPPMANN CORPORATION, SHIBUYA KOGYO CO., LTD., HP HOOD LLC,
*Petitioners*

2018-136

On Petition for Writ of Mandamus to the United States District Court for the Western District of New York in No. 1:10-cv-00781-EAW-JJM, Judge Elizabeth A. Wolford.

ON PETITION

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges.*

LOURIE, *Circuit Judge.*

ORDER

Shibuya Hoppmann Corporation, Shibuya Kogyo Co., Ltd., and HP Hood LLC (collectively, "Petitioners") seek a writ of mandamus directing the United States District Court for the Western District of New York to dismiss for improper venue or, alternatively, to transfer to the United States District Court for the District of Delaware. Steuben Foods, Inc. opposes. We deny the petition.

Steuben Foods sued Shibuya Hoppmann in the Western District of New York for patent infringement in September 2010 and amended its complaint to name Shibuya Kogyo as a defendant in August 2012. Steuben Foods filed a separate complaint against HP Hood for infringement of the same six patents in March 2012. In August 2015, the court approved the parties' stipulation to consolidate these actions with four other cases brought by Steuben Foods for purposes of pretrial proceedings, including claim construction matters.

After the Supreme Court issued its decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), Petitioners argued that the Western District of New York could no longer be said to have proper venue and moved to dismiss or transfer to the District of Delaware. In January 2018, the magistrate judge issued a report recommending that the district court "deny the motion at this time, without prejudice to further renewal upon completion of claim construction." On April 6, 2018, the district court overruled Petitioners' objection that the motion should not be deferred until after claim construction and adopted the report and recommendation.

A writ of mandamus is a drastic remedy that is used sparingly. This court can issue a writ only when the following conditions are met: (1) the petitioner must have no other adequate means to attain the relief he desires; (2) the petitioner must demonstrate a clear and indisputable right to the issuance of the writ; and (3) the court must be convinced that the circumstances warrant issuance of the writ. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004). We cannot say that Petitioners have met that burden here.

Petitioners have an adequate alternative means to seek dismissal or transfer of their respective cases. The magistrate judge expressly said that "[w]hile I cannot

predict whether such a motion would be granted, it would be given careful consideration" after the claim construction issues are resolved. Nor can we say that the district court clearly abused its discretion in how it managed its affairs under the specific circumstances here. While courts should generally resolve venue issues at the outset of a case, *see In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013), Petitioners raised their post-*TC Heartland* venue challenge well into the litigation.* Additionally, prior to *TC Heartland*, Petitioners had agreed that "there's efficiency to be gained by having the invalidity contentions coordinated across all the cases" before the New York court. Under these circumstances, we cannot say that issuance of such extraordinary relief is warranted.

We do, however, expect that the district court will promptly resolve the venue issues and will not count litigation activity stemming from the delay of the court's own making in reaching the motion to dismiss or transfer against Petitioners' request. *Cf. In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (explaining that the district court erred in counting against defendant's transfer motion the district court's own delay in ruling on the motion and the fact that the defendant engaged counsel in the district).

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is denied.

---

* The district court also denied Shibuya Hoppmann's motion to dismiss for improper venue in August 2011 albeit on grounds now rejected by *TC Heartland*.